PER CURIAM.
Donna Hand appeals the dismissal with prejudice of her amended complaint for legal malpractice against Mensh and Macintosh, P.A. (the Firm). The trial court dismissed the amended complaint on the ground that the allegations were insufficient to state a cause of action. We affirm.
The Firm represented the Department of Revenue, on Hand’s behalf, as program attorneys in State court child support proceedings. Hand’s amended complaint alleges many facts which would be sufficient to support an action for negligence by the Firm.[1] However, section 409.2564(6), Florida Statutes (1995), provides immunity for the Firm when only negligence is alleged. Section 409.2564(6) provides:
The department and its officers, employees, and agents and all persons and agencies acting pursuant to contract with the department are immune from liability in tort for actions taken to establish, enforce, or modify support obligations if such actions are taken in good faith, with apparent legal authority, without malicious purpose, and in a manner not exhibiting wanton and willful disregard of rights or property of another.
In view of the immunity provided by this statute, we conclude that the facts alleged in the amended complaint fail to state a cause of action sufficient to waive the immunity of the Firm under section 409.2564(6). Additionally, Hand told the trial court that she was unable to amend the complaint to include allegations sufficient to waive immunity. Accordingly, the final judgment dismissing this action with prejudice is affirmed.
Affirmed.
PARKER, C.J., and FRANK and FULMER, JJ., concur.

. Hand’s amended complaint alleges that the Firm refused to communicate with her, that there were long delays before her case was heard, that the Firm refused to appeal an order, which Hand thereafter appealed pro se and obtained a reversal of that order. The complaint also alleges that the Firm failed to gain enforcement of an income deduction order, failed to obtain a properly executed lien, and waited seven months to file a memorandum of law on a driver’s license revocation hearing, which required Hand to proceed pro se to convince the trial court to revoke the driver’s license. Hand’s complaint alleges that the Firm’s handling of her case resulted in monetary damage to her of over $79,000.